The opinion of the Court was delivered by
DaRGAN, Ch.
It is manifest that James Lambert, one of the defendants, has committed a fraud upon the plaintiff, who was his surety, and whom he left to pay his debt, although he had means enough to pay his own debts. After the surety had paid the debt the defendant, Lambert, gave Mm a confession of judgment on the same, upon which judgment was entered up and execution was lodged. The defendant, Lambert, having bought land from one Thompson, (about 603 acres,) and fraudulently, and with the view of defeating his creditors, caused titles to be made by Thompson to his three infant children, (who are also parties to this suit); the deed of Thompson bearing date the 18th Oct., 1840.
Under a judgment and execution against Lambert, Gowan, *162 the Sheriff of Horry, sold the land on the 4th Oct., 1841, to Sessions for $10.50, and conveyed the land to Sessions by deed, bearing date 10th Oct., 1841.
In the meantime, by reimbursing Sessions for the purchase money, Lambert procured him to re-convey the land to his children; which was done by deed, dated 16th Eeb’y, 1846.
The plaintiff’s judgment remaining unsatisfied, by virtue of an execution under the same the Sheriff again levied on and sold the land as Lambert’s property. It was bid off by the plaintiff .to this suit for $10, and conveyed to him by deed accordingly.
The plaintiff has instituted a suit at law for the land, but deeming his success doubtful, he has come into this Court. His bill was filed the 10th January, 1855. The bill prays that the deeds to the children may be set aside as fraudulent against the creditors of the father. The plaintiff asks that this Court will grant him aid auxiliary to his suit at law, or grant him plenary relief in this Court.
Whatever view may be taken of the case, this Court can grant him no aid in his suit at law. The execution, by virtue of which the land Was sold to Grodbold, was dormant. It had been renewed from time to time, but not in such a manner as to enable it to retain in unbroken continuity its active efficacy. This, at the time of the levy and sale, had been lost, and the Sheriff had no authority. The sale and conveyance to Grod-bold was simply null and void, and could convey no legal estate ; without which the action at law cannot be maintained. It remains to be seen if this Court can give him relief as a creditor. So the Chancellor has thought, and we concur.
As I have said, the whole transaction was a fraud upon the creditors of the defendant, James Lambert, and especially upon Godbold, whose kindness and friendly confidence he had most grossly abused. This Court can afford him relief as a creditor unless an impediment arises from the Statute of Limitations, which has been pleaded.
*163 Anticipating, and with the view of evading the operation of the statute, the plaintiff has averred, (but in a very imperfect manner,) that he has come to the knowledge of the fraud within four years previous to the filing of his bill. The Chancellor who heard the cause on the circuit, has well stated the rule on this subject. It is now the settled practice in this Court that an allegation of ignorance of the fraud, being a negative proposition and scarcely ever admitting of proof, it is incumbent on the party who wishes to set up the bar of the statute to prove the affirmative; that is to say, that the plaintiff did come to a knowledge of the fraud more than the period of the statutory limitation, before the commencement of the suit.
A question occurs, whether the plaintiff has made the averment as to the time of his coming to a knowledge of the fraud in such manner and form as will entitle him to its benefit. It must be made in the bill, and in a manner sufficiently explicit to enable the defendant to meet the issue tendered. This is what is required and no more. The Chancellor on the circuit thought, and still thinks, that the plaintiff’s averment did not come up to this requirement. But a majority of the Court is of opinion that it does, though imperfect and obscure. And I certainly should not recommend it to the profession as a form or model.
Such being the state of the pleadings, on the trial of the issue whether the plaintiff had notice of the fraud more than four years before the commencement of the suit, and with the view of bringing home to the plaintiff prior notice, the defendants adduced in evidence the deeds and the registry thereof.
The deed of Sheriff Gowan to Sessions, and that of Sessions to James Lambert’s children, were recorded 27th March, 1851, and the bill was filed 10th January, 1855. But Thompson’s deed was registered. 16th March, 1841. And it is argued that the implied notice, arising from the registry of Thompson’s deed, is a sufficient notice of the fraud to the plaintiff, from the time of the registry; so as to defeat the averment of the plain *164 tiff, that he came to a knowledge of the fraud within four years before filing his bill, and thus to give full operation to the statute, which the defendants had pleaded.
If notice of the deed is notice of the fraud, the plaintiff is barred. But that proposition cannot be sustained. There is no rationality in it. Eraudulent deeds are always fair on their face. Parties, about to commit a fraud, do not blazon it upon the face of the deed, and invite the gaze of the world by spreading it upon the books of the Register. On the contrary, fraud most carefully masks its horrid and revolting features, whilst in all its external forms and shewings it assumes the semblance of purity and justice. This difficulty out of the way, the Court is of the opinion that the registry of a deed is only implied notice of its contents, and not of any fraud that may have been perpetrated in its execution.
The judgment of this Court is that the circuit decree be reversed, and that the deed of Thompson to the infant defendants, and also the deed of Sessions to the same parties, be set aside and vacated, as to the claims of this plaintiff; and that the plaintiff is entitled to have satisfaction of his claim, now in execution against the said James Lambert, out of the land described in the pleadings.
It is further ordered and decreed, unless the claim is otherwise satisfied, that the commissioner proceed on some convenient sale day, after due notice by advertisement, to sell the said land, and that out of the proceeds of said sale he pay the plaintiff the amount due him, on said execution, of debt, inter-, est and costs; and that out of the proceeds of the sale he also pay the costs of this suit; and that he retain in his hands the balance of the proceeds of said sale for the infant defendants in this suit, whose claim is not intended to be otherwise impaired than is provided for in this_decree.
As to the terms of the sale, it is further ordered that the commissioner sell the said land for so much cash as will be sufficient to pay the debt, interest and costs due on the plaintiff’s *165 execution, against the said James Lambert, and the costs of this suit, and that for the residue he sell, on a credit of one and two years, with interest from the day of sale, and that to secure the payment of the purchase money, he take from the purchaser bond and personal security, and a mortgage of the premises.
Dunkin and Wakdlaw, CO., concurred.

Decree, reversed.